UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS TYRONE CARTER,

    Plaintiff,

v.

STATE OF MICHIGAN,

    Defendant.

Case No. 17-11074
Hon. Terrence G. Berg

**ORDER OF SUMMARY DISMISSAL**

Plaintiff Thomas Tyrone Carter, a state inmate incarcerated at the Carson City Correctional Facility in Carson City, Michigan, has filed a pro se civil complaint. Dkt. 1. The Court granted Plaintiff's application to proceed in forma pauperis, and he is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the Court summarily dismisses the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I. BACKGROUND**

According to the Michigan Department of Corrections website, Plaintiff is incarcerated as a result of his 2008 Wayne Circuit Court convictions for criminal sexual conduct offenses, for which he serving a sentence of 25 to 50 years.[1]

---

[1] Pursuant to Fed. R. Evid. 201(c), the Court may take judicial notice of the information provided on the Michigan Department of Corrections website. See *Daly v. Burt*, 613 F. Supp. 2d 916, 920 n.2 (E.D. Mich. 2009); *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821 n. 3 (E.D. Mich. 2004).

1

The complaint before the Court names "The People of the State of Michigan" as defendant. The pleading is labeled: "In the Nature of Interpleading Third Party Notice to Challenge Constitutionality of State Statute." The complaint contains no specific factual allegations, but is rather a series of short numbered paragraphs, each posing a question along the lines of: "did the application of [such and such a law] violate petitioner's rights [in a certain way]?" Reframing Petitioner's questions as affirmative claims, they would state as follows:

- The application of Michigan's unlawful imprisonment and criminal sexual conduct statutes (Mich. Comp. Laws §§ 750.349, 750.520(b) and (c)) denied Petitioner his right to enforce contracts.
- The application of Michigan's unlawful imprisonment and criminal sexual conduct statutes (Mich. Comp. Laws §§ 750.349, 750.520(b) and (c)) violated Petitioners rights under Article I §§ 17 and 20, and Article IV §§ 23 and 24 of the Michigan Constitution.
- The application of Michigan's unlawful imprisonment and criminal sexual conduct statutes (Mich. Comp. Laws §§ 750.349, 750.520(b) and (c)) violated Plaintiff's due process rights under the Fifth and Fourteenth Amendments to the U.S. Constitution.
- The application of Michigan's unlawful imprisonment and criminal sexual conduct statutes (Mich. Comp. Laws §§ 750.349, 750.520(b) and (c)) deprived the trial court of subject matter jurisdiction.
- Michigan's unlawful imprisonment and criminal sexual conduct statutes (Mich. Comp. Laws §§ 750.349, 750.520(b) and (c)) are vague and ambiguous.
- The application of Michigan's unlawful imprisonment and criminal sexual conduct statutes (Mich. Comp. Laws §§ 750.349, 750.520(b) and (c)) violated the Michigan Constitution.
- The application of Michigan's unlawful imprisonment and criminal sexual conduct statutes (Mich. Comp. Laws §§ 750.349, 750.520(b) and (c)) violated Petitioner's due process rights.

- The application of Michigan's unlawful imprisonment and criminal sexual conduct statutes (Mich. Comp. Laws §§ 750.349, 750.520(b) and (c)) violated Petitioner's right to be secure in his effects.

- The application of Michigan's unlawful imprisonment and criminal sexual conduct statutes (Mich. Comp. Laws §§ 750.349, 750.520(b) and (c)) violated Petitioner's right to be compensated for private property unlawfully taken.

- The application of Michigan's unlawful imprisonment and criminal sexual conduct statutes (Mich. Comp. Laws §§ 750.349, 750.520(b) and (c)) libelously refers to Petitioner as a "prisoner" and removes his "citizenship status."

- The application of Michigan's unlawful imprisonment and criminal sexual conduct statutes (Mich. Comp. Laws §§ 750.349, 750.520(b) and (c)) was unconstitutional because those statutes lack enactment clauses.

Dkt. 1, Pg. IDs 2-3. Other than these bare allegations, posed in question form, the Complaint alleges no factual assertions in support of the legal conclusions.

## II. STANDARD OF REVIEW

A civil complaint filed by a pro se prisoner is subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A complaint is frivolous and subject to *sua sponte* dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff fails to state a claim upon which relief may be granted when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true,

3

the plaintiff undoubtedly can prove no set of facts that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

## III. DISCUSSION

Plaintiff's complaint seems to be an attempt to collaterally attack his criminal conviction and resulting incarceration by the State of Michigan by challenging procedures which necessarily imply unlawful confinement. Plaintiff challenges "the application" of Michigan's unlawful imprisonment and criminal sexual conduct statutes as well as the statutes themselves. If either type of challenge were successful, the implication would be that the result of the application of the statutes (Plaintiff's conviction and confinement) would be in error. In other words, Plaintiff essentially asserts that he is being illegally confined. His case must therefore be dismissed. As the Sixth Circuit recognized in *Adams v. Morris*:

> In *Heck v. Humphrey*, 512 U.S. 477, (1994), the Supreme Court ruled that a state prisoner cannot bring a § 1983 action directly challenging his confinement until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has otherwise been called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 486-87. A claim challenging confinement must be dismissed regardless of whether the plaintiff seeks injunctive or monetary relief. *Id.* at 489-90; *Preiser v. Rodriguez*, 411 U.S. 475, 488-90, (1973). In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court extended *Heck* to bar § 1983 actions that do not directly challenge confinement, but instead challenge procedures which necessarily imply unlawful confinement. *Id.* at 648.

90 F. App'x 856, 857-58 (6th Cir. 2004)

Here, Plaintiff's confinement has not been successfully challenged by being reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or otherwise called into question by a federal court's issuance of a writ of habeas corpus. Consequently, under the rule in *Heck*, Plaintiff may not yet file a civil rights action like this one. At this stage, the route for Plaintiff to challenge his confinement is through a direct appeal of his criminal convictions, a request to the appropriate authority to have his conviction expunged, or a petition for a writ of habeas corpus. In the absence of Plaintiff having received any relief as a result of pursuing the above-described procedures, any civil rights lawsuit seeking to challenge Plaintiff's conviction and confinement lacks an arguable basis in law and is therefore frivolous and subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2). This legal problem bars Plaintiff's claim at this time. It should be noted, however, that even if Plaintiff had successfully challenged his confinement through any of the post-conviction procedures listed here, the complaint in its current form would still fail to state a claim for relief because it does not include any factual allegations supporting the legal questions that it poses. To state a claim, Plaintiff must say what happened and explain why that amounts to a violation of his rights.

## IV. CONCLUSION

For the foregoing reasons, the complaint is **DISMISSED**.

The Court further finds that an appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 443-45 (1962). Leave to file an appeal in forma pauperis therefore is also **DENIED**.

**SO ORDERED**.

Dated:　May 3, 2017　　　　　　　　　　　　s/Terrence G. Berg
　　　　　　　　　　　　　　　　　　　　　　TERRENCE G. BERG
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically submitted on May 3, 2017, using the CM/ECF system, which will send notification to all parties, and was also sent to unrepresented parties by postal mail.

　　　　　　　　　　　　　　　　　　　　　　s/A. Chubb
　　　　　　　　　　　　　　　　　　　　　　Case Manager