UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS TYRONE CARTER,

         Plaintiff,

v.

STATE OF MICHIGAN,

         Defendant.

Case No. 17-11074
Hon. Terrence G. Berg

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT (Dkt. 8)

Plaintiff Thomas Tyrone Carter, a state inmate incarcerated at the Carson City Correctional Facility in Carson City, Michigan, commenced this action by filing a document titled "In the Nature of Interpleading Third Party Notice to Challenge Constitutionality of State Statute Pursuant to Fed. R. Civ. Proc. 5.1." The pleading named "The People of the State of Michigan" as defendant, and it alleges that the application of Michigan's criminal sexual conduct statutes to Plaintiff—which resulted in his imprisonment—violated his constitutional rights in various ways. The Court summarily dismissed the action under 28 U.S.C. § 1915(e)(2) because, despite the label of the pleading, Plaintiff sought to

invalidate his Michigan court conviction in a civil action in violation of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See* Dkt. 5.

Federal Rule of Civil Procedure 60(b) is properly invoked "where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship, and should be liberally construed when substantial justice will be served." *Cornell v. Nix*, 119 F.3d 1329, 1332 (8th Cir. 1997).

Plaintiff asserts that his pleading was not subject to § 1915 screening because it was filed under 28 U.S.C. § 2403. He misreads that section. Section 2403 simply allows for the intervention by the United States or a State in "any action, suit or proceeding . . . wherein the constitutionality of any Act of Congress . . . is drawn into question." *Id.* It does not create an alternative vehicle for initiating a private action, which is generally governed by Federal Rule of Civil Procedure 3. Similarly, Federal Rule of Civil Procedure 5.1, also relied upon by Plaintiff, concerns the notification of the Attorney General when a party files a "pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute. . . ." It likewise does not provide an alternative basis for commencing an action. Contrary to

Plaintiff's construction, the screening requirements of § 1915(e)(2) apply to all civil proceedings brought by prisoners seeking to proceed in forma pauperis, including Plaintiff's action. See Dkt. 2 (application to proceed without prepaying fees or costs); 28 U.S.C. § 1915(a)(1) (section applies to "any suit, action or proceeding, civil or criminal").

Accordingly, Plaintiff has failed to demonstrate extraordinary circumstances under Rule 60(b) for relief from judgment. The motion is therefore **DENIED**.

**SO ORDERED.**

Dated:   March 28, 2018   s/Terrence G. Berg
                          TERRENCE G. BERG
                          UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on March 28, 2018.

s/A. Chubb
Case Manager